**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EDWIN RAMIREZ                                       :
4763 LEYDEN WAY                                     :
ELLICOT CITY, MD 21042                              :
                                                    :
                      Plaintiff,                    :
v.                                                  :
                                                    :
UNITED STATES PARK POLICE                           :
UNITED STATES NATIONAL                              :
  PARK SERVICE                                      :
1100 OHIO DRIVE, S.W.                               :
WASHINGTON, DC 20024                                :
                                                    :
     **Serve:  Hon. Pamela A. Smith**       :
     **Chief, United States Park Police**   :
     **1100 Ohio Drive, S.W.**              :
     **Washington, DC 20530**               :
                                                    : **CASE NO.:**_____
and                                                 :
                                                    :
UNITES STATES OF AMERICA                            :
THE WHITE HOUSE                                     :
1600 PENNSYLVANIA AVE., N.W.                        :
WASHINGTON, DC 20500                                :
                                                    :
     **Serve:  Hon. Matthew M. Graves**     :
     **United States Attorney for the**     :
     **District of Columbia**               :
     **555 4th Street, N.W.**               :
     **Washington, DC 20530**               :
                                                    :
and                                                 :
                                                    :
ARLINGTON COUNTY GOVERNMENT                         :
2100 CLARENDON BLVD # 302                           :
ARLINGTON, VA 22201                                 :
                                                    :
     **Serve: Mr. Mark Schwartz**           :
     **Arlington County Manager**           :
     **2100 Clarendon Blvd.**               :
     **Arlington, VA 22201**                :

ARLINGTON COUNTY                               :
POLICE DEPARMENT                               :
1425 N COURTHOUSE RD                           :
ARLINGTON, VA 22201                            :
                                               :
      **Serve:  Mr. Mark Schwartz**          :
      **Arlington County Manager**          :
      **2100 Clarendon Blvd.**              :
      **Arlington, VA 22201**               :
                                               :
DISTRICT OF COLUMBIA GOVERNMENT                :
1350 PENNSYLVANIA AVENUE, N.W.                 :
WASHINGTON, DC 20004                           :
                                               :
      **Serve:  Hon. Muriel Elizabeth Bowser**  :
      **District of Columbia Mayor**        :
      **John A. Wilson Building**           :
      **1350 Pennsylvania Avenue, N.W.**    :
      **Washington, DC 20004**             :
                                               :
DISTRICT OF COLUMBIA                           :
METROPOLITAN POLICE DEPARTMENT                 :
300 INDIANA AVE, N.W.                          :
WASHINGTON, DC 20001                           :
                                               :
      **Serve:  Hon. Muriel Elizabeth Bowser**  :
      **District of Columbia Mayor**        :
      **John A. Wilson Building**           :
      **1350 Pennsylvania Avenue, N.W.**    :
      **Washington, DC 20004**             :
                                               :
        Defendants.                   :

## <u>CIVIL COMPLAINT</u>

### <u>Jurisdiction</u>

1. This Court has jurisdiction over the subject matter pursuant to 42 U.S. Code § 1985(3) Conspiracy to Interfere with Civil Rights (as amended); 42 U.S. Code § 1986 Action for Neglect to Prevent (as amended); 42 U.S. Code § 1983 Civil Action for Depravation of Rights (as amended); and the Federal Tort Claims Act 28 U.S.C. Part VI, Chapter 171 and 28 U.S.C. § 1346 (as amended).

2. Venue is proper before this Court as the acts and/or omissions complained of occurred in

the District of Columbia.

3.  Plaintiff has filed an SF95 with the United States Government and the United States Postal Service has confirmed that on May 20, 2021, the United States received the form and has yet to respond.

## Parties

4.  Plaintiff Edwin Ramirez [hereinafter "Plaintiff"] is a resident of the State of Maryland, who at all times relevant herein, was a member of the press who sustained multiple injuries as he was exercising his First Amendment Rights, as well as other rights under the law, at Lafayette Square across The White House at 1600 Pennsylvania Avenue, N.W., Washington DC, during the protest of May 31, 2020.

5.  Defendant The United States Park Police is an operation of the National Park Service, which is an agency of the Department of the Interior.  It is one of the oldest uniformed federal law enforcement agencies in the United States. It functions as a full-service law enforcement agency with responsibilities and jurisdiction in those National Park Service areas primarily located in the Washington, D.C., San Francisco, and New York City areas and certain other government lands. The United States Park Police is one of the few full-service police departments in the federal government that possess both state and federal authority. In addition to performing the normal crime prevention, investigation, and apprehension functions of an urban police force, the Park Police are responsible for policing many of the famous monuments in the United States.

6.  Defendant United States of America is responsible for the acts and omissions of its agents, employees, representatives and/or staff working on behalf of the United States

and who were present at Lafayette Park on May 31, 2020.

7.   Defendant Arlington County is a county in the Commonwealth of Virginia, often referred to simply as Arlington or Arlington, Virginia.  Arlington County is responsible for any unlawful or negligent acts or omissions of its Police officers and its Police Department.

8.   Defendant Arlington County Police Department works under the direction of the Government in Arlington County, Virginia.  The Police Department is the municipal law enforcement agency servicing the 207,627 residents of the 26 square miles of jurisdiction within Arlington County, Virginia.

9.   Defendant District of Columbia Government is responsible for any unlawful or negligent acts or omissions by its Police officers and The District of Columbia Metropolitan Police Department.

10. Defendant the Metropolitan Police Department of the District of Columbia, more commonly known as the Metropolitan Police Department and the DC Police, is the primary law enforcement agency for the District of Columbia, in the United States.

## Facts

11. On Sunday May 31, 2020, despite an 11 p.m. curfew imposed by D.C. Mayor Muriel E. Bowser, and the activation of the National Guard, protests near the White House fueled by anger over the police killing of George Floyd, spiraled out of control.

12. As the evening continued, different members of the U.S. Park Police, Arlington Police Department, D.C. Metropolitan Police Department reclaimed ground in the park. Lafayette Park provides a unique and important venue for protesters to have their grievances heard by the President of the United States and the nation's other most

powerful leaders.

13. Lafayette Park is one of the few places in the country where the American people can speak to the executive branch directly. It is for this reason that courts in this District have called Lafayette Park one of the "*most conspicuous public for[a] in the nation,"* and a truly *"unique situs for the exercise of First Amendment rights*." Thus, it came as no surprise that, as demands for racial justice recently swept the country, peaceful protesters once again made their way to Lafayette Park to speak directly to the President and the nation.

14. On Sunday, May 31, 2020, Edwin Ramirez [hereinafter "Plaintiff"], a Member of the Press, was exercising his First Amendment rights by video recording for the European Pressphoto Agency ["EPA News"], and for the EFE News Agency ["EFE News"] the protests near the White House regarding police abuse and racial hatred.

15. A large group of protesters were in a standoff with law enforcement at Lafayette Park. The protesters were abutting temporary "bicycle" fencing while on the other side are officers with riot shields.

16. The Plaintiff was illegally detained when he was shot and injured.

17. The Plaintiff's freedom of movement was restrained because the defendants sought to route the protesters and this Plaintiff in certain directions against their/his will.

18. The Defendants used violence, rubber bullets, horns, gas, and other physical force against the Plaintiff.

19.  The Defendants' joint actions were so egregious, so outrageous, that it may fairly be said it shock the contemporary conscience.

20. There was no need to use such force against the Plaintiff, a member of the public and the

press.

21. If the Defendants needed to move the Plaintiff, alternative less violent methods were available and these Defendants chose to violate the Plaintiff's rights over those less intrusive and violent options.

22. The amount of force used against the Plaintiff used was excessive.

23. As a result, this Plaintiff was required to undergo bilateral knee surgery and will live with permanent restrictions for the rest of his life.

24. As a result, this Plaintiff incurred significant medical expenses and lost wages as well as suffering from post traumatic stress disorder from the actions of the Defendants herein.

25. The forced used against the crowd and the Plaintiff was not applied in good faith, but rather was applied with a disregard to the safety and well being of the Plaintiff and was done to specifically cause harm.

26. The forced used by the Defendants was done for the specific purpose of harming the crowd and the Plaintiff herein.

**COUNT I**
**(42 U.S. Code § 1985(3) Conspiracy to Interfere with Civil Rights)**

27. Plaintiff incorporates by reference all of the allegations set forth herein and further alleges that Defendants United States of America, United States Park Police, D.C. Metropolitan Police Department, the Arlington County Police Department and other unknown officers, had a **conspiracy** to deprive the Plaintiff of his constitutional and civil rights in violation of 42 U.S. Code § 1985(3).

28. Plaintiff had a right to be present at the demonstrations as a member of the general public

as well as a Member of the Press.

29. The Plaintiff followed proper protocol and did nothing wrong nor illegal that would justify the Defendants' actions.

30. Defendants had an express agreement to deprive the Plaintiff as well as other members of the public and the press of their constitutional rights to be present at Lafayette Park on May 31, 2020.

31. In furtherance of a Conspiracy to deprive the Plaintiff of his Constitutional Rights, the then Attorney General William Barr requested "riot teams" and other specialized agents and directed that force be used against the Plaintiff and the peaceful protesters and other Members of the Press.

32. The specific Conspiracy agreement included the use of physical force, rubber bullets and other force against the public and members of the press to deprive them of their Constitutional Rights.

33. Defendants agreed to use force, including loud explosions, gas, rubber bullets and other physical actions to deprive the Plaintiff of his constitutional rights and also physically and emotionally injured the Plaintiff in violation of the Defendants' own regulations and standard operating procedures.

34. The **purpose** of the **conspiracy** was to deprive the Plaintiff of his Constitutional and Civil Rights, by using violence to silence the public and Members of the Press depriving this Plaintiff of his First Amendment right to be at the Lafayette Park on May 31, 2020 free of assault and battery.

35. The 45th President of the United States Donald J. Trump had publicly declared that the Members of the Press were the "enemy of the People" and as such, he allowed this

hatred to invade the numerous Police Officers that attacked the Plaintiff depriving him of his Constitutional and Civil Rights.

36. As the Plaintiff was attempting to film the events as a Member of the Press, Defendants deprived the Plaintiff, a member in his class, of the equal protection of the laws and of equal privileges and immunities under the laws of the United States, and said Defendants acted when they shot and shoved the Plaintiff and forcefully removed him from Lafayette Park.

37. Additionally, tear gas and physically running over the Plaintiff were acts that furthered the Conspiracy among Defendants, which included the five to seven rubber bullets that injured both of the Plaintiff's lower extremities requiring bilateral knee surgery as well as the tear gas and force used by Defendants against this Plaintiff in violation of the law and the United States Constitution.

38. In addition, Defendants in furtherance of their Conspiracy also included used intimidation, pushing and shoving as well as screaming and threatening the lives of the general public and of the Plaintiff herein during what should have otherwise been a peaceful protest.

39. The Plaintiff was forced to run from the screaming and panicking created by the Defendants in their Conspiracy to avoid more injuries, and felt immediate pain in both of his legs as well as a sudden loud ringing in his ears.

40. The Plaintiff's injuries required him to seek emergency medical care and ultimately required him to undergo bilateral knee surgery, counseling, therapy and other medical treatment to deal with the losses and injuries caused to him by the Defendant's Conspiracy to deprive him of his Constitutional Rights.

41. As a direct and proximate cause of the acts and omissions by the Defendants in their Conspiracy, the Plaintiff suffered, among other damages, physical and emotional injuries, post traumatic stress disorder, hearing loss, physical pain, suffering, anguish, lost wages, loss of wage earning capacity, depravation of his Constitutional Rights, and other injuries including indignation, emotional distress, humiliation and fear.

42. As a direct and proximate cause of the acts and omissions by the Defendants in their Conspiracy, the Plaintiff suffered physical and emotional injuries, some of which are permanent in nature.

WHEREFORE, Plaintiff Edwin Ramirez DEMANDS Judgment against the Defendants United States of America and the  United States Park Police, District of Columbia Government, District of Columbia Metropolitan Police Department, Arlington County Government, and Arlington County Police Department, jointly and severally, in the just sum of THREE MILLION ($3,000,000) Dollars plus interest and costs.

### COUNT II
### (42 U.S. Code § 1986 Action for Neglect to Prevent)

43. Plaintiff incorporates by reference all of the allegations set forth herein and further alleges that Defendants United States of America, United States Park Police, D.C. Metropolitan Police Department, the Arlington County Police Department and other unknown officers, had a **conspiracy** to deprive the Plaintiff of his Constitutional and Civil Rights in violation of 42 U.S. Code § 1985(3).

44. Defendants had multiple opportunities to prevent, or aid in the preventing, of the commission of illegal acts against the Plaintiff.

45. Defendants had notice and opportunity, but neglected or refused, to aid in or to prevent

the depravation of the Plaintiff's Constitutional and Civil Rights on May 31, 2020 as they participated and allowed the Plaintiff to get shot with rubber bullets and chased out of the Lafayette Park where the Plaintiff was severely injured and required emergency medical care.

46.  Defendants are jointly and severally liable to the Plaintiff for all damages caused by their joint wrongful acts, such which a person of due diligence could have prevented.

47. Defendants forced the Plaintiff and others to flee from the screaming and panicking created by the Defendants in their Conspiracy.

48. Defendants' actions caused the Plaintiff to feel immediate pain in both of his legs as well as a sudden loud ringing in his ears.

49.  The Plaintiff's injuries required him to seek emergency medical care and ultimately required him to undergo bilateral knee surgery, counseling, therapy and other medical treatment to deal with the losses and injuries caused to him by the Defendant's Conspiracy to deprive him of his Constitutional Rights.

50.  As a direct and proximate cause of the acts and omissions by the Defendants in their Conspiracy and failure to prevent, the Plaintiff suffered, among other damages, physical and emotional injuries, post traumatic stress disorder, hearing loss, physical pain, suffering, anguish, lost wages, loss of wage earning capacity, depravation of his Constitutional Rights, and other injuries including indignation, emotional distress, humiliation and fear.

51. As a direct and proximate cause of the acts and omissions by the Defendants in their Conspiracy and failure to prevent, the Plaintiff suffered physical and emotional injuries, some of which are permanent in nature.

WHEREFORE, Plaintiff Edwin Ramirez DEMANDS Judgment against the Defendants United States of America, United States Park Police, District of Columbia Government, District of Columbia Metropolitan Police Department, Arlington County Government, and Arlington County Police Department, jointly and severally, in the just sum of THREE MILLION ($3,000,000) Dollars plus interest and costs.

## COUNT III
### (42 U.S. Code § 1983 Civil Action for Depravation of Rights)

52. Plaintiff incorporates by reference all of the allegations set forth herein and further alleges that Defendants' numerous police officers, acting under color of law, on behalf of the United States of America, United States Park Police, D.C. Metropolitan Police Department, the Arlington County Police Department and other unknown officers deprived the Plaintiff of his First, Fourth and Fifth Amendments to the United States Constitution and of his Civil Rights in violation of 42 U.S. Code § 1983 (as amended).

53. On May 31, 2020, the Plaintiff, a Member of the Press, and a member of the general public had a right to be present at Lafayette Park for a peaceful demonstration.

54. The Plaintiff followed proper protocol and did nothing wrong nor illegal that would justify the Defendants' actions.

55. Defendants' officers from the D.C. Metropolitan Police Department, Arlington County Police Department and the United States Park Police used violence, rubber bullets, explosions and chemicals such a tear gas to deprive the Plaintiff Edwin Ramirez of his First Amendment Rights to be present at Lafayette Park on May 31, 2020.

56. Moreover, as a Member of the Press, the aforementioned Defendants' police officers

denied Plaintiff Edwin Ramirez his rights to film the event in violation of the First Amendment.

57. The Plaintiff properly identified as a Member of the Press was attacked by Defendants' police officers and suffered physical injuries as a direct result of the illegal acts and omissions by Defendants' police officers in order to silence him and to prevent him from reporting on the facts at Lafayette Park on May 31, 2020.

58. Defendants' police officers used threats and intimidation to deprive the Plaintiff of his First Amendment Rights.

59. A reasonable police officer would have known that the assaults by the members of the U.S. Park Police, the D.C. Metropolitan Police and the Arlington County Police against Plaintiff Edwin Ramirez were in violation of clearly established statutory and constitutional rights in the Fourth, Fifth and Fourteenth Amendments.

60. At the time of the incident on May 31, 2020, the law was sufficiently clear that every reasonable official would understand that, what was being done to Plaintiff Edwin Ramirez was illegal or otherwise unlawful.

61. Plaintiff Edwin Ramirez did not do anything to provoke the Defendants' police officers.

62. Defendants committed acts such as the use of tear gas that caused the demonstrators to flee.

63. Lafayette Park is the type of place where healthy and robust public discourse that it has attained a special status under the First Amendment.

64. Defendants' officers prevented and forbid the Plaintiff from exercising his rights to film and report on the events of May 31, 2020 in violation of the First Amendment.

65. Defendants further denied or prohibited the Plaintiff from expressive activities in

accordance with the First Amendment.

66. Defendants committed acts of First Amendment Retaliation by using violence and force against Plaintiff Edwin Ramirez, who was engaged in First Amendment permitted conduct by filming the event, for which Defendants' police officers used force and violence against him in retaliation of the same.

67. The Plaintiff Edwin Ramirez, who was exercising protected First Amendment speech (press reporting) was shot at and physically injured in retaliation for exercising his First Amendment rights as a Member of the Public and of the Press.

68. The Plaintiff's Fourth, Fifth and Fourteenth Amendments were violated by the Defendants when they used unnecessary force against the Plaintiff depriving him of his right to due process under the U.S. Constitution.

69. The Plaintiff was illegally detained when he was shot and injured.

70. The Plaintiff's freedom of movement was restrained because the defendants sought to route the protesters and this Plaintiff in certain directions against their/his will.

71. The Defendants used violence, rubber bullets, horns, gas, and other physical force against the Plaintiff.

72.  The Defendants' joint actions were so egregious, so outrageous, that it may fairly be said it shocks the contemporary conscience.

73. There was no need to use such force against the Plaintiff, a member of the public and the press.

74. If the Defendants needed to move the Plaintiff, alternative less violent methods were available and these Defendants chose to violate the Plaintiff's rights over those less intrusive and violent options.

75. The amount of force used against the Plaintiff used was excessive.

76. As a result, this Plaintiff was required to undergo bilateral knee surgery and will live with permanent restrictions for the rest of his life.

77. As a result, this Plaintiff incurred significant medical expenses and lost wages as well as suffering from post traumatic stress disorder from the actions of the Defendants herein.

78. The forced used against the crowd and the Plaintiff was not applied in good faith, but rather was applied with a disregard to the safety and well being of the Plaintiff and was done to specifically cause harm.

79. The forced used by the Defendants was done for the specific purpose of harming the crowd and the Plaintiff herein.

WHEREFORE, Plaintiff Edwin Ramirez DEMANDS Judgment against the Defendants United States of America, United States Park Police, District of Columbia Government, District of Columbia Metropolitan Police Department, Arlington County Government, and Arlington County Police Department, jointly and severally, in the just sum of THREE MILLION ($3,000,000) Dollars plus interest and costs.

## COUNT IV
### (Negligence)

80. Plaintiff incorporates by reference all of the allegations set forth herein and further alleges that Defendants' actions and omissions were grossly negligent and were done with disregard for the safety and well being of the Plaintiff.

81. Upon information and belief, Defendants jointly breached their duty of care owed to the Plaintiff and others lawfully upon the premises by committing one or more of the

following omissions or commissions:

a. Negligently moving the crowd; failing to erect an adequate structure and thereby allowing for the creation a dangerous and unsafe condition exposing the public, including Plaintiff herein, to danger which resulted in Plaintiff suffering personal injuries, economic losses, pain, anguish and permanent conditions;

b. Negligently failing to manage the crowd and properly communicate with each other and consistent with proper protocol;

c. Negligently failing to advise or adequately warn Plaintiff and others of the dangerous and unsafe actions to follow on May 31, 2020;

d. Negligently failing to take reasonable safety or protective measures and to remedy any danger to the public by unreasonably failing to follow protocol with regularity and was therefore a condition foreseeable which it failed to avoid; and/or

e. Negligently failing to remedy or adequately warn of any unreasonable dangerous condition, when said condition was either known to Defendants or had existed for such a sufficient length of time such that Defendants should have known of the condition if they had exercised reasonable or due care.

81. As such, Defendants had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it prior to Plaintiff sustaining serious personal injuries.

82. As a proximate cause of Defendants' joint failures and breaches of care, Plaintiff was

shot, fell to the ground, and as a result, sustaining serious personal injuries and post traumatic stress, including requiring surgery and leaving him with permanent injuries, and incurred significant economic losses including medical expenses (past and future), lost wages (past and future) and lost her wage earning capacity.

83. As a direct, proximate and foreseeable result of the aforementioned negligence of the Defendants, Plaintiff was physically injured; incurred significant medical expenses, lost wages and wage earning capacity; sustained permanent symptoms/conditions; will incur medical expenses and lost wages in the future; suffered and will continue to suffer physical pain, anguish and inconvenience; suffered physical handicap, including surgical procedures; suffered the inability to enjoy a normal life.

WHEREFORE, Plaintiff Edwin Ramirez DEMANDS Judgment against the Defendants United States of America, United States Park Police, District of Columbia Government, District of Columbia Metropolitan Police Department, Arlington County Government, and Arlington County Police Department, jointly and severally, in the just sum of THREE MILLION ($3,000,000) Dollars plus interest and costs.

Respectfully submitted,

/s/ Joseph A. Malouf_____
JOSEPH A. MALOUF (D.C. Bar 428012)
MALOUF & ASSOCIATES
244 Main Street, Third Floor
Gaithersburg, MD 20878
(301) 947-8998 phone
(301) 947-8997 fax
Joseph@attorneymalouf.com
*Attorney for Plaintiff*